COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-374-CV
  
  
  
IN 
THE INTEREST OF K.M.Z., N.D.Z., AND D.J.J., CHILDREN
 
 
 
 
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
OPINION
 
------------
        This 
is an appeal from the trial court’s judgment terminating mother and father’s 
parental rights to their three children.  We dismiss the appeal of mother, 
Appellant Misty Z. (hereinafter “Mother”), for want of jurisdiction because 
she failed to articulate good cause for an extension of time to file her notice 
of appeal.  The appeal of father, Kevin Jones, remains pending before this 
court.
        The 
trial court rendered an October 21, 2004 “Order of Termination.”  On 
November 19, 2004, Mother filed a motion for new trial and a notice of 
appeal.  Because the appeal is accelerated, her notice of appeal was due 
November 10, 2004.  See Tex. 
R. App. P. 26.1(b).
        Because 
Mother’s notice of appeal was untimely, on November 30, 2004, we notified her 
that we may not have jurisdiction over her appeal and that we would dismiss her 
appeal for want of jurisdiction unless she or any party desiring to continue the 
appeal filed with the court on or before December 10, 2004 a response showing 
grounds for continuing the appeal.  See Tex. R. App. P. 42.3.  Mother did 
not respond.
        The 
timely filing of a notice of appeal is jurisdictional in this court, and absent 
a timely filed notice or extension request, we must dismiss the appeal.  See 
Tex. R. App. P. 25.1(b), 
26.3.  A motion for extension of time is implied, however, when a party, 
acting in good faith, files a notice of appeal within the fifteen-day period in 
which Rule 26.3(a) permits parties to file a motion for extension of time to 
file their notice of appeal.  See Verburgt v. Dorner, 959 S.W.2d 
615, 617 (Tex. 1997).  Following an implied motion for extension of time, 
it is an appellant’s burden to establish a reasonable explanation or, in a 
termination appeal, good cause for the needed extension.  See Jones 
v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Verburgt, 959 
S.W.2d at 617; see also Tex. Fam. 
Code Ann. § 263.405(h) (Vernon 2002) (requiring good cause for 
extension).
        Here, 
Mother filed her notice of appeal nine days after it was due—within the 
fifteen-day extension period.  Thus, a motion for extension was implied. Verburgt, 
959 S.W.2d at 617.  Mother then was required to articulate good cause for 
the implied extension.  But, Mother did not respond to our jurisdiction 
letter or provide us with any explanation for the needed extension.  Having 
failed to articulate good cause for a nine-day extension of time to file her 
notice of appeal, Mother is not entitled to prosecute her appeal.  Jones, 
976 S.W.2d at 677; Verburgt, 959 S.W.2d at 617; Tex. Fam. Code Ann. § 263.405(h).  
Accordingly, we dismiss Mother’s appeal for want of jurisdiction.
 
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
 
PANEL 
D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DELIVERED: 
January 27, 2005