MARY'S OPINION HEADING 









                NO. 12-06-00420-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL FROM THE 369TH

 

IN
THE MATTER OF R.H.,            §          JUDICIAL DISTRICT COURT OF

A
JUVENILE

§          CHEROKEE COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM








            This appeal is being dismissed for want of jurisdiction
pursuant to Texas Rule of Appellate Procedure 42.3(a).  The trial court’s judgment was signed on
October 20, 2006.  Under rule of
appellate procedure 26.1(a), unless Appellant timely filed a motion for new
trial or other postjudgment motion that extended the appellate deadlines, his
notice of appeal was due to have been filed “within 30 days after the judgment
[was] signed,” i.e., November 20, 2006. 
Appellant did not file a motion for new trial or other postjudgment
motion that extended the appellate deadlines. 
Moreover, Appellant did not file a motion for extension of time to file
his notice of appeal within 15 days after the deadline for filing the notice of
appeal.[1]  See Tex.
R. App. P. 26.3.  Consequently,
the time for perfecting Appellant’s appeal was not extended.  Tex. R.
App. P. 26.1(a).  Appellant filed
his notice of appeal on December 15, 2006. 
Because the notice of appeal was not filed on or before November 20,
2006, this court has no jurisdiction to consider the appeal.








            On January 18, 2007, Appellant filed
a motion for extension of time to file his notice of appeal.  In his motion, he reasonably explains why his
notice of appeal was not filed until December 15, 2006.  However, this court is not authorized to
extend the time for perfecting an appeal except as provided by Texas Rules of
Appellate Procedure 26.1 and 26.3. 
Accordingly, we dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

Opinion delivered January 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] A motion for extension of time is necessarily
implied when an appellant acting in good faith files a notice of appeal beyond
the time allowed by Rule 26.1, but within the 15 day period in which the
appellant would be entitled to move to extend the filing deadline under Rule
26.3.  Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). 
Following an implied motion for extension of time, it is an appellant’s
burden to establish a reasonable explanation for the needed extension.  See Jones v. City of Houston,
976 S.W.2d 676, 677 (Tex. 1998); Verburgt, 959 S.W.2d at
617.  This rule does not apply here
because Appellant’s notice of
appeal was
filed outside the 15 day period for filing a motion for extension of time.  See Tex.
R. App. P. 26.3.