NO. 07-09-0241-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2009

_____


KELLY KANTON LABAJ, and THIRD COAST AUTO GROUP, L.P. , APPELLANTS

V.

DEEANN VANHOUTEN, APPELLEE

_____

FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-08-000492; HONORABLE SCOTT H. JENKINS, JUDGE

_____


Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Kelly Kanton Labaj and Third Coast Auto Group, L. P., Appellants, appeal from the

judgment entered in Cause No. D-1-GN-08-000492.  The judgment was filed on March 13,

2009, a motion for new trial was filed April 6, 2009, and notice of appeal was filed on June 11, 2009.[1]

This Court is obligated to determine, *sua sponte*, its jurisdiction to entertain an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied), citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). A timely notice of appeal invokes this Court's jurisdiction. *See* Tex. R. App. P. 25.1 & 26.1. *See also Garza v. Hibernia Nat. Bank*, 227, S.W.3d 233 (Tex.App.–Houston [1st Dist.] 2007, no pet.).

A review of the Clerk's Record reveals that the case was tried February 23, 2009, and the judgment was submitted to the Court for signature on March 9, 2009. Because the judgment bears no signature date, even though the judgment in question was filed on March 13, 2009, we are unable to determine the date the judgment was signed. The date the judgment was signed is critical to a determination of our jurisdiction because if the judgment was signed prior to March 13, 2009, the notice of appeal was not timely.

Provided, however, a notice of appeal filed within fifteen days after the deadline for filing, may still be considered timely if the party filing the notice provides this Court with a reasonable explanation for the late notice. *See* Tex. R. App. P. 26.3. *See also Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Because the notice of appeal in this

---

[1] Rule 26.1 of the Texas Rules of Appellate Procedure provides that a notice of appeal is due within thirty days after the judgment is signed; however, subparagraph (a)(1) provides for a ninety-day deadline when a timely motion for new trial is filed.

case was potentially filed late, and because the notice of appeal was potentially filed within fifteen days of the deadline for filing, in order to determine its jurisdiction, this Court must determine when the judgment was signed, and if the notice of appeal was untimely, whether Appellants have a reasonable explanation for the late notice of appeal.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. the date the judgment was signed; and

2. if the judgment was signed prior to March 13, 2009, any explanation as to why Appellants filed their *Notice of Appeal* late.

On or before September 21, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing those issues and it shall cause that order to be included in a supplemental clerk's record to be submitted to this Court. In addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed to this Court.

It is so ordered.

Per Curiam

3