Opinion issued December 31, 2009










In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00735-CV






WILLIAM DAVID GOLDEN, Appellant


V.


JANET SUE GOLDEN, Appellee






On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 2008-67084






MEMORANDUM OPINION On November 10, 2009, the District Clerk filed a special clerk's record on
indigence. It shows that on May 12, 2009, the trial court signed the judgment from
which appellant, William David Golden, attempts to appeal. It further shows that
appellant did not file his notice of appeal until August 12, 2009.

 Absent certain time extending post-judgment motions or request for findings of
fact and conclusions of law, Texas Rule of Appellate Procedure 26.1 requires that the
notice of appeal be filed within 30 days of the signing of the trial court judgment that
the appellant is appealing. In this case, the 30 days expired on June 11, 2009. If the
appellant files time extending post-judgment motions or a request for findings of fact
and conclusions of law, the appellant is required to file his motion within 90 days of
the signing of the judgment. See Tex. R. App. P. 26.1(a), (1)-(4). In this case, the
90-day-period expired on August 10, 2009. If an appellant files his notice of appeal
within 15 days of the date it is due, we imply a motion to extend time to file the notice
of appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). A party must
still, however, provide a reasonable explanation for late filing the notice of appeal. 
See Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). 

 On November 24, 2009, the Clerk of this Court notified appellant of the
preceding information, noted that it appeared that appellant had not timely filed his
notice of appeal or reasonably explained its untimely filing, and advised that the Court
might dismiss appellant's appeal unless by December 14, 2009, appellant filed a
written response with this Court explaining how this Court has jurisdiction of the
appeal. December 14, 2009 has passed and appellant has not responded to the notice. 
We dismiss the appeal for want of jurisdiction and want of prosecution. See Tex. R. 
App. P. 42.3 (permitting an appellate court to dismiss the appeal if after giving 10
days' notice to all parties, the appeal is subject to dismissal for want of jurisdiction or
want of prosecution). We dismiss as moot all pending motions.


PER CURIAM

Panel consists of Chief Justice Radack and Justices Alcala and Higley.