NO. 07-10-00144-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
10, 2010

 



 

IN THE ESTATE OF

DONNA ELAINE MORTON, DECEASED



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF ELLIS COUNTY;

 

NO. 03-E-2188; HONORABLE GREG WILHELM, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

MEMORANDUM OPINION

 

Appellant,
Gary Wayne Morton, filed a notice of appeal of a final judgment denying a
request for partition filed by the executor of the estate of Donna Elaine
Morton and otherwise distributing the assets of the estate.  We dismiss for want of jurisdiction.

On
October 13, 2009, the trial court signed the Amended Final Judgment from which
Morton appeals.  On November 12, 2009,
the executor of the estate filed a motion for new trial.[1]
 On December 14, 2009, the trial
court entered an order denying the executor=s motion for new trial. 
On January 15, 2010, Morton filed his notice of appeal.

By letter dated April 26, 2010, we
notified Morton that his notice of appeal appears to have been untimely
filed.  However, because it was filed
within 15 days of the date that it was due, a motion for extension of time to
file notice of appeal is necessarily implied. 
See Verburgt v. Dorner, 959 S.W.2d 615, 616-17
(Tex. 1997).  Even with an implied motion
for extension, we informed Morton that it was still necessary for him to
provide a reasonable explanation for his failure to timely file his notice of
appeal.  See Jones v. City of
Houston, 976 S.W.2d 676, 677 (Tex. 1997).  We directed Morton to provide this Court a
reasonable explanation for the failure to timely file his notice of appeal, in
writing, on or before May 17, 2010.  We additionally
informed Morton that failure to comply with the Court’s directive may result in
dismissal of his appeal.  See Tex. R. App. P. 42.3(a), (c). 

            To date, Morton has not responded to our directive and
has not provided a reasonable explanation for his failure to timely file his
notice of appeal.

            Additionally, by letter dated April 16, 2010, this Court
notified Morton that the filing fees for his appeal had not been paid.  The Court directed Morton to pay these fees
by April 26, 2010, or the appeal would be subject to dismissal.  See id.  Morton has not responded to our directive
regarding the filing fees and has not paid these fees.

Because
Morton did not timely file his notice of appeal and has failed to respond to
directives of this Court allowing him a reasonable opportunity to cure defects
in his filings, we now dismiss this appeal for want of jurisdiction, and for
failure to comply with directives of this Court.  Tex. R. App. P. 42.3(a), (c).

 

 

 

                                                                                                            Mackey
K. Hancock

                                                                                                                        Justice

 

 








 











[1] In a civil case, notice of appeal must be filed
within 30 days after the judgment is signed unless any party files certain
motions, including a motion for new trial, which extends the time for filing a
notice of appeal to 90 days after the judgment is signed.  See Tex.
R. App. P. 26.1(a).