

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-172-CV

$968.00 IN U.S. CURRENCY                                        APPELLANT
AND ELECTRONICS

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant's notice of appeal was due in the trial court May 7, 2010, but he did not file it until May 20, 2010. *See* Tex. R. App. P. 9.2(b)(1), 26.1(a). On June 17, 2010, we notified appellant that we could dismiss the appeal for want of jurisdiction if we did not receive a response showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 10.5(b)(1)(C), 26.3(b),

---

[1]*See* Tex. R. App. P. 47.4.

42.3(a); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Appellant has not filed a response.

A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. Even when a motion for extension is implied, however, it is still necessary for the appellant to reasonably explain the need for an extension. *See Verburgt*, 959 S.W.2d at 617. Because appellant's notice of appeal was untimely and he did not provide a reasonable explanation for needing an extension of time to file, even after being given the opportunity to do so, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *In re J.W.M.*, No. 02-04-00308-CV, 2004 WL 2712195, at *1 (Tex. App.—Fort Worth Nov. 24, 2004, no pet.) (mem. op.).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: August 19, 2010