COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-10-172-CV

 


 
 
 $968.00 IN U.S. CURRENCY AND ELECTRONICS
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 
 
 STATE
 
 


 

                                                                                                                             

------------

 

FROM THE 396TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant’s notice of appeal was due
in the trial court May 7, 2010, but he did not file it until May 20, 2010.  See Tex. R. App. P. 9.2(b)(1), 26.1(a).
On June 17, 2010, we notified appellant that we could dismiss the appeal for
want of jurisdiction if we did not receive a response showing a reasonable
explanation for the late filing of the notice of appeal. See Tex. R. App. P. 10.5(b)(1)(C), 26.3(b), 








42.3(a); Jones v. City of Houston, 976 S.W.2d
676, 677 (Tex. 1998); Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). 
Appellant has not filed a response.

          A motion for extension of time is
necessarily implied when an appellant acting in good faith files a notice of
appeal beyond the time allowed by rule 26.1 but within the fifteen-day period
in which the appellant would be entitled to move to extend the filing deadline
under rule 26.3. See Verburgt, 959
S.W.2d at 617; see also Tex. R. App.
P. 26.1, 26.3. Even when a motion for extension is implied, however, it is
still necessary for the appellant to reasonably explain the need for an
extension. See Verburgt, 959 S.W.2d
at 617. Because appellant’s notice of appeal was untimely and he did not
provide a reasonable explanation for needing an extension of time to file, even
after being given the opportunity to do so, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a); In
re J.W.M., No. 02-04-00308-CV, 2004 WL 2712195, at *1 (Tex. App.––Fort
Worth Nov. 24, 2004, no pet.) (mem. op.).

 

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT
and GARDNER,
JJ. 

 

DELIVERED:  August 19,
 2010











[1]See Tex. R. App. P. 47.4.