**Opinion issued July 26, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-11-00250-CV

————————————————

**PEGGY ANDERSON, Appellant**

**V.**

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND THOMAS DONAHUE, Appellees**

On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2010-14716

## MEMORANDUM OPINION

In this personal injury suit arising out of a car accident, Peggy Anderson

sued Thomas Donahue and his insurer, Progressive County Mutual Insurance

Company ("Progressive"), after Progressive denied Anderson's claim for reimbursement for medical expenses and property damage. The trial court rendered summary judgment in favor of Progressive, and, after Anderson failed to comply with Donahue's discovery requests, it struck her pleadings and granted Donahue's motion to dismiss her claims. On appeal, Anderson challenges the trial court's dismissal of her claims, arguing that she was not present at the dismissal hearing and that she did not receive notice of the dismissal until several months later.

We dismiss the appeal for want of jurisdiction.

## Background

On May 15, 2009, Anderson and Donahue were involved in a car accident. Anderson filed a claim with Progressive, seeking recovery of medical expenses and vehicle-repair expenses. Progressive denied the claim and Anderson filed suit. Anderson sought $3,400 for damages to her vehicle and $75,000 for past medical expenses, pain and suffering, and mental anguish.

Donahue answered and sent Anderson requests for written discovery on March 29, 2010. Progressive also answered, filed a verified denial arguing that it was not liable in the capacity in which it was sued, and moved for summary

judgment. The trial court granted an interlocutory summary judgment in favor of Progressive.[1]

After Anderson failed to respond to written discovery requests, Donahue moved to compel her responses. Anderson did not attend the hearing on this motion. The trial court found that Anderson had "wholly failed to respond to [Donahue's] Interrogatories, Requests for Production and Request for Disclosure" and had not shown good cause for this failure. The court granted Donahue's motion to compel on May 21, 2010, and ordered Anderson to respond to Donahue's discovery requests by June 21, 2010. The order also stated: "This order shall be served on Plaintiff by process server & mailed to Plaintiff by certified mail, return receipt & first class mail." The order sent by certified mail was returned unclaimed. The record, however, contains a return from a process server, indicating that he personally served Anderson with the order at her residence on June 2, 2010.

Anderson failed to respond to Donahue's written discovery requests by June 21, 2010. Donahue then moved to dismiss Anderson's claim against him, arguing that her discovery responses were "crucial" to his defense. Donahue argued:

---

[1]     The record does not include either Progressive's summary judgment motion or any response by Anderson. Aside from stating that "[i]nsurance companies can be [s]ued in Texas," Anderson does not challenge the summary judgment ruling in favor of Progressive on appeal.

3

> The information that would have been discovered through Plaintiff's discovery responses regards her claims of negligence against Defendant, and her claims of injuries and damages. Because Plaintiff did not respond to the discovery requests or comply with the court's order . . . she should not be able to present evidence regarding her claim against Defendant. Because Plaintiff should not be able to present evidence regarding her claim against Defendant, Plaintiff cannot maintain her cause of action against Defendant. Because Plaintiff cannot maintain her cause of action against Defendant, her cause of action against Defendant should be dismissed for want of prosecution.

Donahue sent Anderson a notice of hearing, informing her that the trial court would consider his motion to dismiss at an oral hearing on July 16, 2010.

Anderson still had not responded to Donahue's discovery requests by the July 16, 2010 hearing date, and, therefore, the trial court ordered:

> Plaintiff has until August 30, 2010 to fully and completely answer the outstanding interrogatories, requests for production and request for disclosure, and if Plaintiff does not serve her full and complete answers to the outstanding interrogatories, requests for production and request for disclosure on Defendant's attorney by August 30, 2010, then upon motion by Defendant, Plaintiff's pleadings will be stricken and Plaintiff's claim in this cause against Defendant may be dismissed.

This order also required Donahue's counsel to mail a copy of the order to Anderson by certified and first-class mail.

On September 8, 2010, Donahue moved to strike Anderson's pleadings and to dismiss the case. Donahue noted that Anderson had served a document entitled "Interrogatories Requested" within the required time period, but he argued that this document was not responsive to his interrogatories and did not constitute "full and

4

complete answers" to his outstanding discovery requests, which also included requests for production and requests for disclosure to which Anderson had not responded. Donahue attached a copy of Anderson's unsworn "Interrogatories Requested," which stated, in its entirety:

> To answer the Interrogatories by the Plaintiff Peggy Anderson; Thomas Donahue had Health problems, and at the time of the accident on May 15, 2009 Thomas Donahue was having health problem[s]. Which cause[d] me to suffer, which was witness[ed] by a witness. At the time of the accident he was staring at me like he was in another world after he hit my vehicle[.] I attempt[ed] to write down his information, he physically hit me with his vehicle[,] knocking me down[,] causing injury to me[,] and damaging my vehicle[.] I was in a daze[.] [W]hen my vision was clear[,] a witness was there to get his information off his vehicle and ask me to not to move[.] I was mentally afraid that he was going to run right over me, so I gradually got up [and] move[d] to the side of my Truck.
>
> The officer took a report and had me to follow him where Thomas Donahue went and wrap[ped] his truck around a pole, to identif[y] his truck that left the scene of the accident. Progressive Mutual Insurance refused to pay properly for my injury, pain and suffering, and damage to my truck. I expect to be compensated for the complete [suit] which is on file.

The record contains a notice of hearing informing Anderson that the trial court would consider Donahue's motion on September 17, 2010.

The day before the hearing, on September 16, 2010, Anderson filed a "Request for Hearing," informing the trial court that there had been no attempt at alternative dispute resolution, that she had answered all of Donahue's interrogatories, that she was requesting Donahue's medical records, and that she

5

was requesting settlement in the amount of $78,300 for past and future medical expenses, pain and suffering, and damages to her vehicle.[2] She stated, "[It's] time for settlement or request for Jury Trial."

On September 20, 2010, the trial court signed an order striking Anderson's pleadings and dismissing her claim against Donahue without prejudice. Anderson did not move for a new trial, move to reinstate the case, request findings of fact and conclusions of law, or timely file any other post-judgment motion. The record includes a printout from the Harris County District Clerk's Office, addressed to Anderson, informing her that on September 20, 2010, the trial court signed an order striking her pleadings and dismissing the case on Donahue's motion. This printout was not dated and did not indicate when it was mailed.

On January 21, 2011, Anderson filed the following "Motion of Pleading for Trial by Jury" with the trial court:

> As of January 18, 2011 there's been no Settlement or agreement to case no. 2010[-]14716[.] Plaintiff Peggy Anderson is filing for trial by Jury for Punitive Damages, to be awarded for compensation by the Defendants Progressive County Mutual Insurance, and Thomas Donahue on case no. 2010[-]14716, for [reckless] and willful act[s] which cause[d] injury and pain and suffering[] to my back, knee, mouth, and ankle[, and] unmeasurable damages to my vehicle[.] [T]he settlement for case no. 2010[-]14716 is long overdue[.] *Also to discuss the Dismissal Pleading by Defendants from Sept 20, 2010.* Attached to this letter is included.

---

[2] In her original petition, Anderson sought the recovery of $3,400 for damages to her vehicle; in her "Request for Hearing," she sought the recovery of $3,300 for damages to her vehicle.

6

(Emphasis added.)

Anderson filed a "Motion for Appeal" in the trial court on March 29, 2011, more than six months after the trial court signed the dismissal order. She stated, "Plaintiff was not informed of oral hearings with Defendants Progressive County Mutual Insurance and Thomas Donahue or able to present our case[.] No correspondence at the beginning about a fee for having a trial by jury." She also stated that she did not receive a copy of the dismissal order until March 4, 2011, when she tried to file a "motion for trial by jury." She requested "that the court grant this motion [for] appeal on reopening this case to be settle[d] and for all just relief and justice be made."

**Appellate Jurisdiction**

Progressive and Donahue contend that we should dismiss Anderson's appeal for want of jurisdiction because she failed to file a timely notice of appeal.

An appellant perfects an appeal when she files a written notice of appeal in the trial court. TEX. R. APP. P. 25.1(a), (b). Generally, the appellant must file her notice of appeal within thirty days after the date the trial court signs the judgment or appealable order. TEX. R. APP. P. 26.1. This time period may be extended to ninety days from the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate pursuant to Texas Rule of Civil Procedure 165a, or request for findings of fact and conclusions of

7

law, if such findings and conclusions are required. *Id.* The appellate court may further extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule of Appellate Procedure 10.5(b) in the appellate court. TEX. R. APP. P. 26.3; *see also* TEX. R. APP. P. 10.5(b) (stating required contents for motions to extend time, including "the facts relied on to reasonably explain the need for an extension"); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that motion to extend time is "necessarily implied" if appellant files notice of appeal within fifteen-day extension period). The appellant must offer a reasonable explanation for her failure to file a timely notice of appeal. *See* TEX. R. APP. P. 10.5(b); TEX. R. APP. P. 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Texas Rule of Appellate Procedure 4.2 provides for an additional extension of time to file a notice of appeal if, within twenty days after the judgment was signed, the party has not received notice or does not have actual knowledge of the signing. TEX. R. APP. P. 4.2(a)(1). In this case, the time to perfect an appeal will begin on the earlier of the date the party receives notice or acquires actual knowledge of the signing, "[b]ut in no event may the periods begin more than 90 days after the judgment or order was signed." *Id.* To take advantage of this rule, the appellant must comply with Texas Rule of Civil Procedure 306a(5), which

8

requires the appellant "to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5).

Here, the trial court signed the order dismissing Anderson's claims against Donahue on September 20, 2010. Because the trial court had already rendered summary judgment in favor of Progressive, this order became a final and appealable judgment. Anderson did not timely file a post-judgment motion. Thus, Anderson was required to file her notice of appeal within thirty days of the date the trial court signed the order, that is, by October 20, 2010. She did not file her "motion for appeal" until March 29, 2011, six months and nine days after the trial court signed the dismissal order. Because Anderson did not file a notice of appeal in the trial court within thirty days after the court signed the dismissal order or within the fifteen-day grace period during which she could have moved for an extension of time, we conclude that she did not timely perfect her appeal.[3]

---

[3] Anderson is not entitled to an extension pursuant to Texas Rule of Appellate Procedure 4.2 because she did not file a sworn motion in the trial court setting out the date that she received notice or acquired actual knowledge of the dismissal order. *See* TEX. R. APP. P. 4.2(b) (providing that, to take advantage of extension, party must comply with procedure set out in Rule of Civil Procedure 306a(5)); *see also* TEX. R. CIV. P. 306a(5). Furthermore, Rule 4.2 explicitly states that the extended time period "in no event" may "begin more than 90 days after the

**Conclusion**

We dismiss the appeal for want of jurisdiction. All pending motions are denied as moot.

 

 

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

---

judgment or order is signed." TEX. R. APP. P. 4.2(a)(1). More than ninety days had elapsed from the date the trial court signed the dismissal order before Anderson attempted to appeal.