Opinion issued January 3, 2013



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00232-CV

———————————

## MARY A. WILLIAMS WALKER, Appellant

## V.

## LEWIS E. WALKER, Appellee

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0672877**

---

## MEMORANDUM OPINION

Appellant Mary A. Williams Walker attempts to appeal from the trial court's

"Final Decree of Divorce," signed December 3, 2010.  Because appellant's notice

of appeal was not timely filed, we dismiss the appeal for lack of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a)(1). To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

For the purpose of ascertaining our jurisdiction, we requested a clerk's record containing the trial court's final judgment, any post-judgment motions, and the notice of appeal. The district clerk filed a record in response, which reflects that the trial court signed the final decree on December 3, 2010 and that appellant filed her notice of appeal 101 days later, on March 14, 2011. As such, appellant's notice of appeal was not timely filed. *See* TEX. R. APP. P. 26.1.

The clerk's record does not contain a motion for new trial, and the trial court's records do not reflect that a motion for new trial was filed; however, we note that the assignment letter reflects that a motion for new trial was filed on December 30, 2010. Further, the records of the court below reflect that the trial court signed an order denying appellant's motion for new trial on February 18, 2011.

Even if we conclude that appellant timely filed a motion for new trial, however, appellant's notice of appeal was not timely filed. Appellant's notice of appeal would have been due 90 days after the trial court signed the final decree, or March 3, 2011. *See* TEX. R. APP. P. 26.1(a)(1). Appellant did not file her notice of appeal until 11 days after the deadline, on March 14, 2011.

We may extend the time to file the notice of appeal if, within 15 days after the deadline to file the notice of appeal, the party files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. Appellant did not file a motion for extension.

A motion for extension is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Appellant filed her notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3. As such, we imply a motion for extension of time. *See Verburgt*, 959 S.W.2d at 617. Appellant did not, however, offer an explanation for failing to timely file the notice of appeal, which is required. *See Jones*, 976 S.W.2d at 677.

On December 8, 2011, we notified appellant that, unless she filed a response demonstrating our jurisdiction, the appeal may be dismissed. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond. On July 3, 2012, we notified appellant that, unless she filed a reasonable explanation for the untimely filing of her notice of appeal, the appeal may be dismissed for want of jurisdiction. *See id.* Again, appellant did not respond.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.