

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00187-CV

CHARLES A. CHASTAIN                                          APPELLANT

V.

VIEWPOINT BANK F/K/A                                          APPELLEE
COMMUNITY CREDIT UNION AND
REGIONS BANK

----------

### FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles A. Chastain, appearing pro se, attempts to appeal from a judgment of garnishment signed February 28, 2013. No motion for new trial was filed, making the notice of appeal due April 5, 2013. *See* Tex. R. App. P. 26.1. Chastain filed a notice of appeal on May 17, 2013, thirty-seven days late.

---

[1]*See* Tex. R. App. P. 47.4.

On May 29, 2013, we sent a letter to Chastain stating our concern that we lacked jurisdiction over this appeal because Chastain's notice of appeal was not timely filed. We informed Chastain that unless he, or any party desiring to continue the appeal, filed a response by June 10, 2013, showing a reasonable explanation for the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Chastain responded that he did not receive notice of the judgment until "April 2013."

On June 6, 2013, we abated the appeal and remanded the case to the trial court for a hearing and entry of an order finding the date on which Chastain first received notice or acquired actual knowledge that the order was signed. *See* Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2. The trial court found that Chastain acquired actual notice of the judgment of garnishment on March 6, 2013. The appeal was reinstated on July 9, 2013.

On July 10, 2013, we sent a second letter to Chastain stating our concern that we lacked jurisdiction over this appeal because Chastain's May 17, 2013 notice of appeal was not timely filed. We informed Chastain that unless he, or any party desiring to continue the appeal, filed a response by July 22, 2013, showing a reasonable explanation for the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. To date, we have received no response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the

2

appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Chastain's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3, 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: August 22, 2013