

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00264-CV

PETER PAYNE, MARY BETH PAYNE, DAVID HOWARD, OKSANA HOWARD, MELVIN HARRIS, DONNA HARRIS, AND CHRISTINA CHILDERS

APPELLANTS

V.

THE CITY OF FRISCO

APPELLEE

----------

### FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Peter Payne, Mary Beth Payne, David Howard, Oksana Howard, Melvin Harris, Donna Harris, and Christina Childers attempt to appeal from the trial court's "Order Granting Defendant City of Frisco's Plea to the

---

[1]*See* Tex. R. App. P. 47.4.

Jurisdiction." The trial court's interlocutory order was signed April 29, 2013,[2] making the notice of appeal due May 20, 2013. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012); Tex. R. App. P. 26.1(b), 28.1(a). Appellants filed an untimely motion for new trial on May 28, 2013, and filed their notice of appeal on July 26, 2013.

On July 31, 2013, we notified the parties of our concern that this court may not have jurisdiction over the appeal because the notice of appeal was not timely filed. Tex. R. App. P. 26.1, 28.1. We informed appellants that unless they, or any party desiring to continue the appeal, filed a response by August 12, 2013, showing a reasonable explanation for the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction. Tex. R. App. p. 42.3(a), 44.3. Appellants filed a response, but it does not show grounds for continuing the appeal.

Section 51.014(a)(8) of the civil practice and remedies code permits an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. Tex. R. App. P. 28.1(a). In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." Tex. R. App. P. 26.1(b). The filing of a

---

[2]The trial court's order lists numerous defendants in the style, which were not disposed of in the April 29, 2013 order.

2

motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." Tex. R. App. P. 26.3, 28.1(b).

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because appellants' notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3, 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Vallejo v. Cameron Cnty.*, No. 13-13-00181-CV, 2013 WL 2367992, at *1 (Tex. App.—Corpus Christi May 30, 2013, no pet.) (mem. op.) (dismissing appeal from interlocutory order granting county's plea to the jurisdiction because notice of appeal was untimely filed).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  September 19, 2013

3