

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

**NO. 02-13-00304-CV**

LAUREN A. CORNA                                                    APPELLANT

V.

LOUIS J. CORNA                                                        APPELLEE

-----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lauren A. Corna, appearing pro se, attempts to appeal from a final decree of divorce signed April 2, 2013. Lauren filed a motion for new trial on May 1, 2013, making her notice of appeal due July 1, 2013. *See* Tex. R. App. P.

---

[1]*See* Tex. R. App. P. 47.4.

26.1(a)(1). Lauren filed her notice of appeal on September 4, 2013, sixty-five days late.[2]

On September 5, 2013, we sent a letter to Lauren stating our concern that we lacked jurisdiction over this appeal because Lauren's notice of appeal was not timely filed. We informed Lauren that unless she, or any party desiring to continue the appeal, filed a response by September 16, 2013, showing a reasonable explanation for the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Lauren did not file a response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Lauren's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3, 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: October 10, 2013

[2]Although Lauren claimed in her notice of appeal that this is a restricted appeal and that she did not participate in the hearing resulting in the final judgment, the transcript of the divorce proceeding clearly reflects that Lauren was present and participated, both personally and through her attorney.