

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00221-CV

SAAHIR JEHAAD ABDALLAH, APPELLANT

V.

JIM HOLMES, ET AL., APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2014-511,655, Honorable Leslie Hatch, Presiding

July 14, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Saahir Jehaad Abdahllah attempts to appeal a court order striking his petition and dismissing the lawsuit he filed against appellees. The order was signed on April 21, 2015. Appellant's notice of appeal was filed with the district clerk on June 5, 2015. We dismiss this appeal because of appellant's failure to comply with the Court's order requiring a written explanation for his late notice of appeal. TEX. R. APP. P. 42.3(c).

Appellant's notice of appeal was due on May 21, 2015. *See* TEX. R. APP. P. 26.1. Appellant filed a notice of appeal on June 5, 2015, but did not file a motion requesting

an extension of time to file the notice of appeal. Under Texas Rule of Appellate Procedure 26.3, the Court may extend the time to file a notice of appeal if, within 15 days after the deadline expires, the appellant files the notice of appeal along with a motion requesting an extension that reasonably explains the need for an extension. *See* TEX. R. APP. P. 26.3 & 10.5(b). Although a motion for extension is implied when the appellant tenders a notice of appeal within 15 days after the notice deadline, it is still necessary for the appellant to reasonably explain the need for an extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Because appellant filed a notice of appeal within 15 days after the deadline, a motion for extension was implied. However, the Court ordered appellant to file a written response by June 26, 2015 explaining why the notice of appeal was filed late. The Court also informed appellant that the failure to comply with the Court's directive would result in dismissal of the appeal. *See* TEX. R. APP. P. 42.3. Although appellant has filed various motions, appellant did not respond to the Court's directive for an explanation.

Accordingly, we dismiss the appeal under Texas Rule of Appellate Procedure 42.3(c) because appellant failed to comply with a court order requiring a response within a specified time. Of course, appellant has 15 days to file a motion for rehearing wherein he may comply with the Court's previous directive for an explanation. *See* TEX. R. APP. P. 49.1.

Per Curiam