# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-15-00292-CV


JIMMY D. MARTIN                                                    APPELLANT

V.

JASON SCHOLL                                                        APPELLEE

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 179,075-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jimmy D. Martin attempts to appeal from a final judgment dismissing his case for failure to comply with Texas Civil Practice and Remedies Code chapter 14. The trial court signed the final judgment on February 6, 2015. No postjudgment motion was filed to extend the appellate deadline; thus, Martin's

---

[1]See Tex. R. App. P. 47.4.

appeal was due March 9, 2015. *See* Tex. R. App. P. 4.1(a), 26.1. The notice of appeal was not filed until August 31, 2015.

On September 15, 2015, we notified Martin that it appeared we lacked jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.1.[2] We advised him that this appeal could be dismissed unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before September 25, 2015. *See* Tex. R. App. P. 42.3(a). Martin filed a response, but it does not show grounds for continuing the appeal.[3]

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Martin's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

---

[2]Additionally, Martin's appeal does not qualify as a restricted appeal because it was filed more than six months after the judgment was signed. *See* Tex. R. App. P. 26.1(c), 30.

[3]Attached to Martin's response is a letter to the trial court judge dated August 24, 2015, in which Martin states that the trial court clerk did not give him notice that his case had been dismissed. To the extent Martin's response implies that he did not receive notice of the judgment in a timely manner, no effort was made to comply with rule 306a(5) of the rules of civil procedure. *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a(4), (5).

                             /s/ Sue Walker
                             SUE WALKER
                             JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  October 22, 2015

3