Kenneth S. JONES, Petitioner,

v.

CITY OF HOUSTON, Mayor Bob Lanier, et al., Respondents.

No. 97–1009.

Supreme Court of Texas.

Aug. 25, 1998.

Kenneth S. Jones, Houston, for Petitioner.

Andrea Chan, Houston, for Respondents.

HECHT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, SPECTOR and OWEN, Justices, joined.

Former Rule 41(a)(1) of the Texas Rules of Appellate Procedure provided that to perfect an appeal in a civil case in which security for costs was required, "the bond or affidavit [of indigency] in lieu thereof shall be filed with the· clerk ... within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party...." Former Rule 41(a)(2) of the appellate rules provided that "[a]n extension of time may be granted by the appellate court for late filing of a cost bond or ... affidavit, if such bond or ... affidavit is filed not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension." In *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex.1997), we held that "a motion for extension of time is implied when a party, acting [in] good faith, files a cost bond within the fifteen-day period in which Rule 41(a)(2) permits parties to file a motion to extend." The same holding applies to an affidavit in lieu of bond, which is simply an alternate device for perfecting appeal under former Rule 41.

Before we decided *Verburgt*, the court of appeals dismissed this case for want of jurisdiction because the appellant, Kenneth Jones, did not file his affidavit in lieu of bond before the ninetieth day after judgment was signed, and did not file a motion for extension within fifteen days after the deadline for filing the affidavit. However, Jones's filed his affidavit within the fifteen-day period for filing a motion for extension. Thus, under *Verburgt*, Jones's filing implies a motion for extension. If Jones can reasonably explain the need for an extension, then he should be entitled to prosecute his appeal.

In response to the court of appeals' notice to Jones that his appeal would be dismissed if he could not demonstrate jurisdiction, the court received a fax from a physician in Baltimore, Maryland, stating that Jones was under his care and required additional time to pursue his appeal. In its opinion dismissing the case, the court offered that it was "not unsympathetic to [Jones's] need for medical treatment," from which we might infer that the court would have accepted the physician's statement as a reasonable explanation for an extension of time if permitted to do so. But we are reluctant to read too much into the court's brief statement and leave the determination whether Jones has reasonably explained his need for an extension of time to file his affidavit to be made by the court of appeals on remand.

Accordingly, without hearing oral argument, we grant Jones's petition for review, reverse the judgment of the court of appeals, and remand the case to that court for further proceedings. TEX.R.APP. P. 59.1.

ENOCH, J., filed a dissenting opinion, in which ABBOTT and HANKINSON, JJ., joined.

BAKER, J., filed a dissenting opinion.

ENOCH, Justice, joined by ABBOTT and HANKINSON, Justices, dissenting.

I continue to believe that the "implied filing" rule announced in *Verburgt v. Dorner*[1] is both unwise and unsound.[2] Accordingly, I dissent.

---

1. 959 S.W.2d 615 (Tex.1997).

2. *See id.* at 617–19 (Enoch, J., dissenting); *see also Miller v. Metro Health Foundation*, 968 S.W.2d 337, 338 (Tex.1998) (Enoch, J., dissenting).

BAKER, Justice, dissenting.

I still adhere to the views I expressed in *Verburgt v. Dorner.*[1] Accordingly, I dissent.

1. 959 S.W.2d 615, 619 (Tex.1997) (Baker, J.,   dissenting).