NO. 07-04-0047-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 25, 2004

_____


THOMAS M. PARKER, M.D. AND THOMAS M. PARKER, M.D., P.A., APPELLANTS

V.

MARTHA H. BOWES AND HARRISON BOWES, APPELLEES


_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-518,389; HONORABLE SAM MEDINA, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.


**MEMORANDUM OPINION**


Thomas M. Parker, M.D. and Thomas M. Parker, M.D., P.A., proceeding *pro se* on appeal, challenge the trial court's judgment in favor of appellees Martha H. Bowes and Harrison Bowes. The judgment was signed on November 4, 2003, and a motion for new trial was filed by counsel for Parker on December 4, 2003, extending the deadline in which

to file a notice of appeal to February 2, 2004. Parker filed a *pro se* notice of appeal on February 3, 2004. The Texas Rules of Appellate Procedure allow this Court to extend the time to file a notice of appeal for 15 days following the deadline, if the party filed the notice within the 15-day window and also files a motion for extension that reasonably explains the need for the extension. Tex. R. App. P. 26.3; *see also* Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when a notice of appeal is filed in good faith within the 15-day window following the deadline. *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. It is still necessary, however, for an appellant to reasonably explain the need for an extension. *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Pursuant to this Court's request, Parker has provided this Court with a copy of a letter from his former counsel in which he mistakenly indicated that the deadline for filing the notice of appeal was February 4, 2004. We accept Parker's explanation for his failure to file the notice within 90 days after the judgment was signed and conclude the notice of appeal was timely filed.

Concluding our jurisdiction was properly invoked we now consider Parker's motion to dismiss this appeal in which he represents the parties have reached a settlement. We grant the motion. Tex. R. App. P. 42.1(a)(1). Having dismissed the appeal at Parker's request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

Don H. Reavis
Justice

2