NO. 07-08-0135-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 2, 2008


______________________________



ISMAEL CHAVEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 47th DISTRICT COURT OF POTTER COUNTY;



NO. 53,941-A; HON. HAL MINER, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Ismael Chavez appeals his conviction from the 47th District Court. The clerk's record
was due to be filed on April 28, 2008. On April 29, 2008, this Court received a request for
extension of time to file the clerk's record, stating that appellant has not paid or made
arrangements to pay for the record and that no attorney had been appointed on appeal. 

 Accordingly, we abate this appeal and remand the cause to the 47th District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal; 


 2. whether appellant is indigent; 


 3. whether appellant has counsel or is entitled to appointed counsel; and


 4. whether appellant is entitled to a free appellate record due to his indigency.

 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
June 2, 2008. Should further time be needed by the trial court to perform these tasks, then
same must be requested before June 2, 2008.

 It is so ordered.

 Per Curiam

Do not publish.



.

Notice of Appeal

 Assuming Scott's motion for new trial was timely filed, then his notice of appeal was
due within ninety days after the judgment was signed, or July 15, 2007. That date,
however, fell on a Sunday which extended the deadline to Monday, July 16. Tex. R. App.
P. 4.1(a). However, the clerk's record reflects that the notice of appeal was filed with the
trial court clerk on July 18, 2007. A notice that is filed outside the ninety-day deadline but
within fifteen days may still be considered timely if the party filing the notice provides this
Court with a reasonable explanation for the late notice. See Tex. R. App. P. 26.3. See
also Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). Because the notice of
appeal in this case was potentially filed within that fifteen day period, in order to determine
its jurisdiction, this Court must determine whether Scott has a reasonable explanation for
the late notice of appeal.

 The dates that Scott's motion for new trial and notice of appeal were delivered to
prison authorities and Scott's reasons for the late filing of his notice of appeal are fact
questions we are unable to determine. Therefore, we now abate this appeal and remand
the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize
whatever means necessary, including a hearing, if necessary, to determine the following: 
 1. whether Scott's Motion for New Trial was placed in a properly addressed
and stamped envelope or wrapper and the date prison authorities received
the motion for mailing; and


 2. whether Scott's Notice of Appeal was placed in a properly addressed and
stamped envelope or wrapper and the date prison authorities received the
notice for mailing.


 3. any explanation as to why Scott may have filed his Notice of Appeal late.



 The trial court shall gather evidence such as mail logs, returned receipts, or other
proof of mailing from Scott, the Texas Department of Criminal Justice, or any other source
to determine the dates the documents at issue were deposited with prison authorities. The
trial court shall execute findings of fact, conclusions of law, and any other order it may
deem necessary regarding the aforementioned issues and cause its findings, conclusions,
and orders, if any, to be included in a supplemental clerk's record. A supplemental
reporter's record of the hearing, if any, shall also be included in the appellate record. 
Finally, the trial court shall file the supplemental clerk's record and the supplemental
reporter's record with the Clerk of this Court by September 21, 2007.

 It is so ordered.


 Per Curiam

 
1. Rule 26.1 of the Texas Rules of Appellate Procedure provides that a notice of
appeal is due within thirty days after the judgment is signed; however, subparagraph (a)(1)
provides for a ninety-day deadline when a timely motion for new trial is filed. 
2. Warner holds that a pro se inmate's petition that is placed in a properly addressed
and stamped envelope or wrapper is deemed filed at the moment prison authorities
received the document for mailing. 135 S.W.3d at 682.