NO. 07-09-0241-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2009

______________________________


 KELLY KANTON LABAJ, and THIRD COAST AUTO GROUP, L.P. , APPELLANTS

V.

DEEANN VANHOUTEN, APPELLEE

_________________________________

FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-08-000492; HONORABLE SCOTT H. JENKINS, JUDGE

_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


ABATEMENT AND REMAND


          Kelly Kanton Labaj and Third Coast Auto Group, L. P., Appellants, appeal from the 
judgment entered in Cause No. D-1-GN-08-000492. The judgment was filed on March 13,
2009, a motion for new trial was filed April 6, 2009, and notice of appeal was filed on June
11, 2009.



          This Court is obligated to determine, sua sponte, its jurisdiction to entertain an
appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied),
citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). A
timely notice of appeal invokes this Court’s jurisdiction. See Tex. R. App. P. 25.1 & 26.1. 
See also Garza v. Hibernia Nat. Bank, 227, S.W.3d 233 (Tex.App.–Houston [1st Dist.]
2007, no pet.). 
          A review of the Clerk’s Record reveals that the case was tried February 23, 2009,
and the judgment was submitted to the Court for signature on March 9, 2009. Because
the judgment bears no signature date, even though the judgment in question was filed on
March 13, 2009, we are unable to determine the date the judgment was signed. The date
the judgment was signed is critical to a determination of our jurisdiction because if the
judgment was signed prior to March 13, 2009, the notice of appeal was not timely. 
          Provided, however, a notice of appeal filed within fifteen days after the deadline for
filing, may still be considered timely if the party filing the notice provides this Court with a
reasonable explanation for the late notice. See Tex. R. App. P. 26.3. See also Jones v.
City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). Because the notice of appeal in this
case was potentially filed late, and because the notice of appeal was potentially filed within
fifteen days of the deadline for filing, in order to determine its jurisdiction, this Court must
determine when the judgment was signed, and if the notice of appeal was untimely,
whether Appellants have a reasonable explanation for the late notice of appeal.
          Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to determine the following:
           1.       the date the judgment was signed; and
 
          2.       if the judgment was signed prior to March 13, 2009, any
explanation as to why Appellants filed their Notice of Appeal 
late.
 
          On or before September 21, 2009, the trial court shall enter an order containing
findings of fact and conclusions of law addressing those issues and it shall cause that
order to be included in a supplemental clerk’s record to be submitted to this Court. In
addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed
to this Court. 
          It is so ordered.
 
Per Curiam