NO. 07-10-00144-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 10, 2010

IN THE ESTATE OF
DONNA ELAINE MORTON, DECEASED

FROM THE COUNTY COURT AT LAW NO. 1 OF ELLIS COUNTY;

NO. 03-E-2188; HONORABLE GREG WILHELM, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Gary Wayne Morton, filed a notice of appeal of a final judgment denying a request for partition filed by the executor of the estate of Donna Elaine Morton and otherwise distributing the assets of the estate. We dismiss for want of jurisdiction.

On October 13, 2009, the trial court signed the Amended Final Judgment from which Morton appeals. On November 12, 2009, the executor of the estate filed a motion for new trial.[1] On December 14, 2009, the trial court entered an order denying

---

[1] In a civil case, notice of appeal must be filed within 30 days after the judgment is signed unless any party files certain motions, including a motion for new trial, which extends the time for filing a notice of appeal to 90 days after the judgment is signed. See TEX. R. APP. P. 26.1(a).

the executor's motion for new trial. On January 15, 2010, Morton filed his notice of appeal.

By letter dated April 26, 2010, we notified Morton that his notice of appeal appears to have been untimely filed. However, because it was filed within 15 days of the date that it was due, a motion for extension of time to file notice of appeal is necessarily implied. See Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997). Even with an implied motion for extension, we informed Morton that it was still necessary for him to provide a reasonable explanation for his failure to timely file his notice of appeal. See Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1997). We directed Morton to provide this Court a reasonable explanation for the failure to timely file his notice of appeal, in writing, on or before May 17, 2010. We additionally informed Morton that failure to comply with the Court's directive may result in dismissal of his appeal. See TEX. R. APP. P. 42.3(a), (c).

To date, Morton has not responded to our directive and has not provided a reasonable explanation for his failure to timely file his notice of appeal.

Additionally, by letter dated April 16, 2010, this Court notified Morton that the filing fees for his appeal had not been paid. The Court directed Morton to pay these fees by April 26, 2010, or the appeal would be subject to dismissal. See id. Morton has not responded to our directive regarding the filing fees and has not paid these fees.

Because Morton did not timely file his notice of appeal and has failed to respond to directives of this Court allowing him a reasonable opportunity to cure defects in his

filings, we now dismiss this appeal for want of jurisdiction, and for failure to comply with directives of this Court.  TEX. R. APP. P. 42.3(a), (c).

Mackey K. Hancock
Justice

3