**Opinion issued November 21, 2012**



In The

# Court of Appeals

**For The**

# First District of Texas

---

## NO. 01-12-00752-CV

---

**JOHN E. DEATON, Appellant**

**V.**

**CITIBANK, N.A., Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1001320**

---

## MEMORANDUM OPINION

Appellant John E. Deaton attempts to appeal from the trial court's judgment signed July 11, 2012.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The record reflects that the trial court signed the final judgment on July 11, 2012. A motion for new trial, if any, was due by August 10, 2012. The record shows that appellant filed a motion for new trial on August 20, 2012—ten days after the deadline. *See id.*

Because his motion for new trial was untimely filed, it did not extend the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1). Appellant's notice of appeal remained due by August 10, 2012. Appellant did not file a notice of appeal until August 20, 2012—ten days after the deadline, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d

615, 617–18 (Tex. 1997). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Because appellant's notice of appeal was filed ten days after the deadline and appellant has offered no explanation for the delay, the notice of appeal was not timely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Furthermore, appellant has neither established indigence nor paid all the required fees. *See* TEX. R. APP. P. 5, 20.1; *see also* TEX. GOV'T CODE ANN. § 51.207 (West Supp. 2012), § 51.941(a) (West 2005), § 101.041 (West Supp. 2012); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1).

On September 18, 2012, we notified appellant that this appeal was subject to dismissal both for want of jurisdiction and for failure to pay the fees or establish indigence, unless, by September 28, 2012, appellant filed a response providing a reasonable explanation for the untimely filing of the notice of appeal and paid the filing fee or established indigence. *See* TEX. R. APP. P. 5; 25.1; 26.1; 26.3; 42.3(a),

3

(b); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617–18.  Appellant did not file an adequate response.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), (b); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.