DISMISS: Opinion issued December 10, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01280-CV

## IN RE: DAVID SCOT LYND

On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-06759

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Lang

By letter dated October 24, 2012, the Court questioned its jurisdiction over this appeal. Specifically, it appears the notice of appeal is untimely. We instructed appellant to file a jurisdictional brief within ten days explaining how this Court has jurisdiction and gave appellee an opportunity to file a responsive brief. On November 13, 2012, appellant filed a motion for an extension of time and dismissal of jurisdictional brief request. We treat appellant's motion as a jurisdictional brief.

A notice of appeal is due thirty days after the date the judgment is signed. TEX. R. APP. P. 26.1. If a party timely files a post-judgment motion extending the appellate timetable, the notice of appeal is due ninety days after the date the judgment is signed. See TEX. R. APP. P. 26.1(a). An extension of time may be granted if an appellant files a notice of appeal within fifteen days of the

deadline and files a motion complying with rule of appellate procedure 10.5(b). *See* TEX. R. APP. P. 26.3. Without a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1.

In his jurisdictional brief, appellant states:

> Appellant filed the original notice on 6-30-2011 with the request for findings of facts and conclusions of law. That notice had the original 6-8-2010 indigent affidavit attached. The subsequent notices were due to the clerk feeling that [the] affidavit was too old and must be redone.

The record before this Court does not support appellant's claim. The request for findings of fact and conclusions of law does not include a notice of appeal. Appellant also contends the time limit to file a notice of appeal runs from the date of the judgment *or* an order on a motion for new trial. Appellant's assertion is incorrect. Appellate timetables begin running only from the date the *judgment* is signed. *See* Tex. R. App. P. 26.1.

Appellant contends he made a good faith effort to invoke this Court's jurisdiction by attempting to file the original affidavit of indigence. The trial court clerk refused to file it. He contends we should consider his good faith attempt as a request for an extension of time. As support, appellant cites to *Jones v. City of Houston*, 976 S.W.2d 676 (Tex. 1998). In *Jones*, the appellant did not file the perfecting instrument, an affidavit in lieu of bond, before the deadline or a motion for extension within the fifteen-day grace period. The appellant did, however, file his affidavit in lieu of bond within the fifteen-day grace period. *Id*. at 677. The supreme court held that the filing of the affidavit within the grace period implied a motion for extension. *Id*. The holding in *Jones* is not applicable to this case. Appellant did not file the perfecting instrument, a notice of appeal, within either ninety days of the date of the judgment or within the fifteen-day grace period.

The trial court signed the judgment on May 24, 2011. Appellant filed a timely motion to reconsider. Accordingly, the notice of appeal was due on August 22, 2011, ninety days from the date

the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Appellant filed a notice of appeal on September 12, 2011. In his notice of appeal, appellant states that he is appealing the trial court's judgment dated June 14, 2011. The trial court signed an order on June 14, 2011 denying appellant's motion to reconsider. The judgment was signed on May 24, 2011 and that is the date from which the appellate timetable runs. Appellant's notice of appeal was filed 21 days past the deadline. Because appellant did not file a timely notice of appeal, this Court lacks jurisdiction. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

DOUGLAS S. LANG
JUSTICE

111280F.P05

–3–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE: DAVID SCOT LYND

No. 05-11-01280-CV

Appeal from the 162nd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. DC-10-06759).
Opinion delivered by Justice Lang, Justices Moseley and Francis, participating.


Based on the Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, Craig Watkins, recover his costs of the appeal from appellant, David Scot Lynd.


Judgment entered December 10, 2012.


DOUGLAS S. LANG
JUSTICE