

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00046-CV

IN THE INTEREST OF A.M.F., A CHILD

No. 07-16-00047-CV

IN THE INTEREST OF A.L.P.A., A CHILD

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court Nos. DR-05H-132A & DR-10K-147A, Honorable Roland D. Saul, Presiding

May 12, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, S.P.,[1] attempts to appeal orders terminating her parental rights to her children, A.M.F. and A.L.P.A. We dismiss the appeals for want of jurisdiction and because S.P. failed to comply with the Court's order requiring a written explanation for her late notices of appeal.

On October 14, 2015, the associate judge signed two orders terminating S.P.'s parental rights in suits brought by the Department of Family and Protective Services.

---

[1] See TEX. R. APP. P. 9.8(b).

S.P. timely requested a de novo hearing before the referring court in both cases. *See* TEX. FAM. CODE ANN. § 201.015(a) (West Supp. 2015). The de novo hearing was set for December 21. At the commencement of the hearing, however, S.P. withdrew her requests for de novo review and asked the trial court to affirm the associate judge's rulings. On January 7, 2016, the trial court signed orders confirming the associate judge's orders of termination.

In a child protection case, the proposed order or judgment of the associate judge becomes the order or judgment of the referring court by operation of law without ratification by the referring court if a request for a de novo hearing is not timely filed or the right to a de novo hearing is waived. TEX. FAM. CODE ANN. § 201.2041(a) (West 2014). Although S.P. timely requested a de novo hearing, she withdrew her requests on December 21, waiving her right to de novo review by the referring court. Accordingly, the associate judge's orders of termination became the orders of the referring court on December 21 by operation of law. S*ee id.*; *In re G.B. II*, No. 10-10-00244-CV, 2010 Tex. App. LEXIS 9471, at *2 (Tex. App.—Waco Nov. 24, 2010, order) (holding that an associate judge's termination order became the final order of the referring court on the date the appellant expressly waived the right to a de novo hearing under Section 201.2041(a)). Ratification of the orders by the referring court was unnecessary, and the appellate timetables began to run on December 21.

Consequently, S.P.'s notices of appeal were due by January 11, 2016. See TEX. R. APP. P. 26.1(b). S.P. filed her notices of appeal on January 21, but did not file a motion requesting an extension of time to file the notices of appeal. As such, S.P.'s

notices of appeal failed to invoke the jurisdiction of this Court. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Under Texas Rule of Appellate Procedure 26.3, the court may extend the time to file a notice of appeal if, within 15 days after the deadline expires, the appellant files the notice of appeal along with a motion requesting an extension that reasonably explains the need for an extension. *See* TEX. R. APP. P. 26.3, 10.5(b). Although a motion for extension is implied when the appellant tenders a notice of appeal within 15 days after the notice deadline, it is still necessary for the appellant to reasonably explain the need for an extension. *See Verburgt*, 959 S.W.2d at 617; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Because S.P. filed her notices of appeal within 15 days after the deadline, a motion for extension was implied. However, by letter dated April 26, 2016, the Court ordered S.P. to file a written response by May 9 explaining why her notices of appeal were filed late. The Court also informed S.P. that failure to comply with the Court's directive would result in dismissal of her appeals. S.P. did not respond to the Court's directive for a written explanation.

Accordingly, we dismiss the appeals for want of jurisdiction and because S.P. failed to comply with a court order. TEX. R. APP. P. 42.3(a), (c).

Mackey K. Hancock
Justice

3