

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00226-CV

———————————————

DRUE ALLEN HOLLIS, Appellant

V.

PROBATE COURT NO. 1 OF TARRANT COUNTY, PROBATE COURT NO. 2 OF TARRANT COUNTY, TARRANT COUNTY SHERIFF BILL E. WAYBOURN, AND TARRANT COUNTY HOSPITAL DISTRICT D/B/A JPS HEALTH NETWORK, Appellees

---

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-301866-18

---

Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Drue Allen Hollis attempts to appeal from the trial court's interlocutory order[1] granting summary judgment in favor of Appellees Probate Court No. 1 of Tarrant County, Probate Court No. 2 of Tarrant County, Tarrant County Sheriff Bill E. Waybourn, and Tarrant County Hospital District d/b/a JPS Health Network (collectively, Tarrant County).[2] The trial court signed the interlocutory order on May 31, 2019, making Hollis's notice of appeal due June 20, 2019. *See* Tex. R. App. P. 26.1(b) (stating that a notice of appeal in an accelerated appeal must be filed within 20 days after the judgment or order signed), 28.1(a) (stating that appeals from

---

[1]The trial-court clerk has informed us that parties and claims remain pending in the trial court and that the trial court has not signed a final judgment.

[2]We have jurisdiction to consider appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, Tarrant County's summary-judgment grounds included governmental, judicial, and official immunity. Thus, had Hollis's notice of appeal been timely, we would have had jurisdiction to consider this appeal insofar as the trial court could have dismissed some of Hollis's claims on immunity grounds. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (providing for an appeal from an interlocutory order granting a governmental unit's plea to the jurisdiction); *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (observing that an interlocutory appeal may be taken under section 51.014(a)(8) whether a jurisdictional argument is presented in a plea to the jurisdiction or a summary-judgment motion because the right of appeal is tied to the substance of the issue raised and not to any particular procedural vehicle); *Liverman v. Denton Cty.*, No. 02-17-00240-CV, 2017 WL 6377437, at *1–2 (Tex. App.—Fort Worth Dec. 14, 2017, no pet.) (mem. op.) (dismissing portion of appeal from order granting jurisdictional plea that complained of trial court's dismissal of claims against government officials in their individual capacities but addressing portion of appeal that complained of dismissal of claims against governmental unit and government officials in their official capacities).

interlocutory orders are accelerated appeals). Hollis filed his notice of appeal on June 21, 2019, one day late.

On July 18, 2019, we notified Hollis of our concern that we lacked jurisdiction over this appeal because his notice of appeal was untimely. We warned Hollis that we would dismiss the appeal for want of jurisdiction unless he or any party desiring to continue the appeal filed a response by July 29, 2019, showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f). We have received no response.

The time for filing a notice of appeal is jurisdictional, and absent a timely-filed notice of appeal or motion for extension of time to file the notice of appeal, we must dismiss the appeal. *See* Tex. R. App. 2, 25.1(b), 26.1, 26.3, 28.1(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3, 28.1(b). But even when an extension motion is implied, an appellant is still required to provide a reasonable explanation for the delay in filing the notice of appeal. *See Jones*, 976 S.W.2d at 677; *Linville v. Leuty Ave. Apartments*, No. 02-18-00186-CV, 2018 WL 3763934, at *1 (Tex.

App.—Fort Worth Aug. 9, 2018, no pet.) (per curiam) (mem. op.); *see also* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b).

Here, Hollis's notice of appeal was untimely but was filed within the 15-day period in which an extension is implied. Even so, Hollis was still required to provide an explanation for needing an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Linville*, 2018 WL 3763934, at *1. Because he did not, his notice of appeal is untimely. *See Linville*, 2018 WL 3763934, at *1. Accordingly, we dismiss the appeal for want of jurisdiction.[3] *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 917; *Linville*, 2018 WL 3763934, at *1.

Per Curiam

Delivered:  August 30, 2019

---

[3]We dismiss Tarrant County's "Motion to Dismiss for Lack of Jurisdiction" as moot.