

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00420-CV

_____

WALTER ALLEN MOSLEY III, APPELLANT

V.

DAVID BOWERS, RACHEL KINGSTON,
AND WELLPATH RECOVERY SOLUTIONS, APPELLEES

On Appeal from the County Court
Lamb County, Texas
Trial Court No. CC-3360; Honorable James M. DeLoach, Presiding

January 7, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Walter Allen Mosley III, appearing *pro se*, appeals from the trial court's *Order of Dismissal*. Because Mosley filed his notice of appeal untimely, we dismiss the appeal for want of jurisdiction.

The trial court signed the *Order of Dismissal* on September 17, 2019. Mosley did not file a motion for new trial or a motion to modify the judgment. Accordingly, his notice of appeal was due thirty days after the judgment was signed, i.e., by October 17, 2019. TEX. R. APP. P. 26.1(a). Mosley filed his notice of appeal on October 21, 2019.[1]

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1. We may extend the time to file a notice of appeal by fifteen days if an appellant files a notice of appeal and a motion for an extension of time that reasonably explains the need for an extension. TEX. R. APP. P. 26.3, 10.5(b). A motion for extension is implied if the notice of appeal is filed within fifteen days after the notice deadline. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, an appellant must still reasonably explain the delay in filing the notice of appeal when a motion for extension is implied. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Mosley filed his notice of appeal within fifteen days of the appellate deadline but did not file a motion for an extension of time. By letter of December 4, 2019, we notified Mosley that a motion for extension was implied and directed him to file a written response explaining why his notice of appeal was filed untimely. We advised Mosley that if he did not file a response by December 16, we would dismiss the appeal for want of jurisdiction. Mosley has not filed a response to date.

Because Mosley failed to provide a reasonable explanation for his untimely notice of appeal, we cannot grant an implied motion for extension. *See* TEX. R. APP. P. 26.3,

---

[1] Mosley mailed his notice of appeal to the county clerk for filing. The envelope was postmarked October 18, 2019. Because Mosley's notice of appeal was mailed a day after the notice of appeal deadline, it is not considered timely filed under Rule of Appellate Procedure 9.2(b).

10.5(b); *Phillips v. Gunn*, No. 07-14-00094-CV, 2014 Tex. App. LEXIS 4027, at *2 (Tex. App.—Amarillo Apr. 11, 2014, no pet.) (mem. op.).  Therefore, his late notice of appeal failed to invoke the jurisdiction of this court.  *Id.*

Accordingly, we dismiss the purported appeal for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Per Curiam