

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-20-00198-CV

---

AUDREY JONES, Appellant

V.

JOAN E. WHITE, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-008429-1

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Pro se appellant Audrey Jones attempts to appeal from the trial court's April 2, 2020 final judgment in appellee Joan E. White's favor after a bench trial at which Jones failed to appear. Because no postjudgment motion was filed to extend the notice-of-appeal filing deadline, Jones's notice of appeal was due May 4, 2020, but it was not filed until June 11, 2020, making it untimely. *See* Tex. R. App. P. 4.1(a), 26.1.

We notified the parties of our concern that we lack jurisdiction over this appeal because Jones's notice of appeal was untimely filed.[1] *See* Tex. R. App. P. 26.1. We warned that we could dismiss this appeal absent a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Jones has responded.

In her response, Jones claims that she did not timely receive the trial court's hearing notice because it was caught by her email inbox's spam filter. Jones—a hairstylist by trade—implies that because of the current COVID-19 pandemic, she was tasked with being a "teacher, counselor, [and] preacher" to her three school-age children. As a result, her "life was pretty out of order," "she was focused on the situations that we are facing," and "[l]ife is not normal." She asks us to allow her to appeal the judgment because she does not have or owe White anything.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or a timely filed extension request, we must dismiss the

---

[1]Our letter mistakenly stated that the notice of appeal was due May 1, 2020.

appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). During this pandemic, the Texas Supreme Court has given us the discretion to "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order." Supreme Court of Tex., Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster, Misc. Dkt. No. 20-9095 (Aug. 6, 2020). But the fact of the pandemic, standing alone, is not a reasonable explanation for a missed appellate deadline.

Here, Jones's notice of appeal was untimely filed, and she did not timely move for an extension of time to file it. *See* Tex. R. App. P. 26.1, 26.3. Jones does not claim in her response that she did not receive timely notice of the trial court's judgment (as opposed to notice of the hearing) or that she did not have actual knowledge of the judgment's signing. *See* Tex. R. App. P. 4.2(a)(1). But even if she did make either argument, she made no effort to comply with Rule 306a(5) of the Texas Rules of Civil Procedure. *See* Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5). Nor does she claim that the pandemic or its effects prevented her from timely filing her notice of appeal or timely moving for an extension of time to do so. We thus dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f).

---

[2]While a notice of appeal in a restricted appeal may be filed within six months after the judgment is signed, *see* Tex. R. App. P. 26.1(c), Jones's notice of appeal does not contain the information required for a restricted appeal, *see* Tex. R. App. P. 25.1(d)(7). *See generally* Tex. R. App. P. 30 ("A party who did not participate—either in

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 24, 2020

---

person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)."). We express no opinion whether Jones would prevail on a restricted appeal were she to file one within the applicable time period. *See* Tex. R. App. P. 26.1(c), 26.3.