

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00412-CV

———————————————

IN THE INTEREST OF K.J., A CHILD

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-678588-20

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

C.S. (Mother)[1] and J.S. (Intervenor)—both proceeding pro se—attempt to appeal from the trial court's order terminating Mother's parental rights to her daughter K.J. and awarding permanent managing conservatorship of K.J. to the Department of Family and Protective Services. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (b)(2). The trial court signed the termination order on November 11, 2020. Because this is an accelerated appeal, Mother's and Intervenor's notices of appeal were due December 1, 2020. *See* Tex. R. App. P. 26.1(b), 28.1(a), (b), 28.4(a). But they did not file their notices of appeal until December 22, 2020, making them untimely.

On December 23, 2020, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notices of appeal were untimely filed.[2] *See* Tex. R. App. P. 26.1(b), 28.4(a). We warned that we could dismiss this appeal for want of jurisdiction unless Mother, Intervenor, or any other party wanting to continue the appeal filed a response by January 4, 2021, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Intervenor has filed a response asking us to extend the appellate deadline because of personal hardship.

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]Our letter mistakenly stated that the notices of appeal were filed on December 20, 2020.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or timely extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The appellate rules allow us to extend the time for filing a notice of appeal, but any such extension request must be filed within 15 days after the notice-of-appeal deadline. *See* Tex. R. App. P. 26.3. We cannot alter the time for perfecting an appeal in a civil case beyond the appellate rules' limits. *See* Tex. R. App. P. 2.

Here, Mother's and Intervenor's notices of appeal were untimely and were filed outside the 15-day period for requesting an extension. *See* Tex. R. App. P. 26.1(b), 26.3, 28.1(a), (b), 28.4(a). We thus dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *In re W.H.*, No. 02-17-00297-CV, 2017 WL 4683899, at *1 (Tex. App.—Fort Worth Oct. 19, 2017, no pet.) (mem. op.); *In re D.A.*, No. 02-15-00346-CV, 2015 WL 9244637, at *1 (Tex. App.—Fort Worth Dec. 17, 2015, no pet.) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 28, 2021