**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Renovation Genius, LLC v. Beverly  Brooks

Appellate case number:    01-21-00063-CV

Trial court case number:  1129720

Trial court:                      County Civil Court at Law No. 4 of Harris County

This order addresses two outstanding matters in the above-referenced appeal that require action by the trial court, the parties, or both:

## 1. **LOST OR DESTROYED EXHIBITS (Action required by trial court and all parties)**

In conducting its review of the record and arguments on appeal in this case, the Court discovered that the exhibits admitted into the evidence at the trial on the merits of the above-referenced cause were not included as part of the reporter's record. Specifically, the reporter's record did not include (1) Plaintiff's Exhibit Nos. 1-9 or (2) "all proposed exhibits submitted by defendant," even though volume 1, page 10 of the reporter's record indicates those exhibits were admitted into the evidence.

The Court ordered the official court reporter for the County Civil Court at Law No. 4 of Harris County to prepare, certify, and file a supplemental reporter's record of the exhibits admitted into the evidence at the trial. On October 6, 2022, a supplemental reporter's record containing Plaintiff's Exhibits Nos. 1-9 was filed, but no defendant's exhibits were included in the supplemental record. In an information sheet filed the same day, the court reporter stated that she was unable to find "defendant's proposed exhibits."

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost or destroyed, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the

proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

Accordingly, we abate the appeal and remand to the trial court to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant exhibits and/or portions of the record have been lost or destroyed; (3) whether the lost exhibits and/or portions of the record are necessary to appellant's appeal; and (4) whether the parties replace any lost or destroyed exhibits by agreement or, (5) if the lost or destroyed exhibits cannot be replaced by agreement of the parties, whether those exhibits can be replaced with copies determined by the trial court to accurately duplicate with reasonable certainty the original exhibits.

The court is directed to reduce its findings on these matters to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from any hearing, **on or before November 14, 2022.** In addition, if any of the exhibits can be located or have been lost or destroyed but can be replaced, the court reporter shall file a supplemental exhibit volume to the reporter's record containing the located or replaced exhibits **on or before November 14, 2022**.

This appeal is removed from submission, abated, treated as a closed case, and removed from the Court's active docket.[1] The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with this order are filed with the clerk of this court. **The court coordinator of the trial court shall set a hearing date and notify the parties.**

## 2. TIMELINESS OF NOTICE OF APPEAL (Action required by appellant)

In addition to the issue of lost or destroyed exhibits, there is also a question of jurisdiction in this appeal. On October 10, 2022, appellee moved to dismiss the appeal on the ground that appellant's February 1, 2021 notice of appeal was not timely filed. *See* TEX. R. APP. P. 26.1(a)(1) (notice of appeal must be filed within 90 days after judgment is signed if any party timely files motion for new trial). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Appellant's notice of appeal was filed within this 15-day period, but appellant must offer a reasonable explanation for failing to file the notice of appeal in

---

[1] Because the abatement ordered herein requires the court to withdraw this appeal from submission, appellee's motion requesting that the appeal be withdrawn from its October 25, 2022 submission date is dismissed as moot.

a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Hous.*, 976 S.W.2d 676, 677 (Tex. 1998) (holding appellant should be able to prosecute appeal despite notice of appeal filed within *Verburgt* period if appellant can reasonably explain need for extension).

Accordingly, the Court requests that appellant respond to appellee's motion to dismiss **within 10 days of the date this appeal is reinstated**. Appellant is notified that unless you respond in writing, by the deadline specified, providing a reasonable explanation for untimely filing the notice of appeal, the appeal may be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). You must respond in writing even if you have previously claimed your notice of appeal was timely filed.

It is so ORDERED.


Judge's signature: */s Sarah Beth Landau*
                ☒ Acting individually    ☐ Acting for the Court


Date:  October 13, 2022