

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00415-CV

———————————————

MARJORIE WASHINGTON, Appellant

V.

LIGHT HOUSE FOR THE HOMELESS A/K/A PRESBYTERIAN NIGHT
SHELTER, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-005171-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

On September 13, 2023, the trial court signed a final judgment against Appellant Marjorie Washington. Because Washington did not file a postjudgment motion extending the appellate deadline, her notice of appeal was due October 13, 2023. *See* Tex. R. App. P. 26.1. But Washington did not file her notice of appeal until October 27, 2023, making it untimely. *See id.*

On November 2, 2023, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely filed. *See id.* We warned that we could dismiss this appeal for want of jurisdiction unless Washington or any party wanting to continue the appeal filed a response by November 13, 2023, showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f). We have received no response.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when, as here, an appellant acting in good faith files a notice of appeal beyond the time allowed by Rule 26.1 but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see*

2

*also* Tex. R. App. P. 26.1, 26.3. But even when an extension motion is implied, the appellant still must reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Washington's notice of appeal was untimely filed and because Washington did not provide a reasonable explanation for needing an extension, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see Veritek LLC v. TBI Constr. Servs. LLC*, No. 02-20-00287-CV, 2021 WL 62129, at *1 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  December 21, 2023

3