

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00117-CV

———————————————

CALEB MOORE, Appellant

V.

ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-291883-17

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

On December 7, 2023, the trial court signed an order denying an application for additional attorney's fees filed by Appellant Caleb Moore, the court-appointed receiver in this case.[1] Because Moore timely moved for reconsideration and for a new trial, his notice of appeal was due March 6, 2024. *See* Tex. R. App. P. 26.1(a)(1), (a)(2). But Moore did not file his notice of appeal until March 12, 2024, making it untimely. *See id.*

On March 14, 2024, we notified the parties by letter of our concern that we lacked jurisdiction over this appeal because the notice of appeal was untimely filed. We warned that we could dismiss this appeal for want of jurisdiction unless Moore or any party wanting to continue the appeal filed a response by March 25, 2024, showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f). We have received no response.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when, as here, an appellant acting in good

---

[1]This is the third appeal arising from the underlying dispute. *See Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-22-00261-CV, 2023 WL 3113951 (Tex. App.—Fort Worth Apr. 27, 2023, no pet.) (mem. op.); *Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-20-00174-CV, 2021 WL 2978746 (Tex. App.—Fort Worth July 15, 2021, no pet.) (mem. op.).

faith files a notice of appeal beyond the time allowed by Rule 26.1 but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. But even when an extension motion is implied, the appellant still must reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Moore's notice of appeal was untimely filed and because Moore did not provide a reasonable explanation for needing an extension, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Veritek LLC v. TBI Constr. Servs. LLC*, No. 02-20-00287-CV, 2021 WL 62129, at *1 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: April 11, 2024