

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00540-CV

_____

JAMES P. AMICK, Appellant

V.

PATRICIA ANNE CAMPBELL, Appellee

---

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-338975-22

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant James P. Amick attempts to appeal from the trial court's "Order on Special Exceptions in Defendant's Second Amended Original Answer and Second Supplemental Answer" signed July 2, 2024 (the Judgment), which dismissed his claims against Appellee Patricia Anne Campbell. Amick's notice of appeal was due August 1, 2024. *See* Tex. R. App. P. 26.1. But Amick did not file his notice of appeal until December 2, 2024, making it untimely.[1] *See id.*

On December 9, 2024, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See id.* We warned that we may dismiss this appeal for want of jurisdiction unless Amick or any party wanting to continue the appeal filed a response by December 19, 2024, showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f). We have received no response.

---

[1]In a footnote to his notice of appeal, Amick acknowledges that "it appears [that] the trial court signed the Judgment July 2, 2024," but he states that "the Judgment was not entered until October 30, 2024[,] and the parties were not afforded notice of said Judgment until October 30, 2024." The deadline to file a notice of appeal runs from the day a judgment "is signed." Tex. R. App. P. 26.1. And while a party affected by a judgment may obtain an extension of the period for filing an appeal if it did not receive notice from the district clerk as provided in Texas Rule of Civil Procedure 306a.3, or acquire actual knowledge of the judgment within twenty days after it was signed, that period of extension begins on the earlier of the date the party received notice from the clerk or acquired actual knowledge of the signing, but the period may not begin more than ninety days after the judgment was signed. *See* Tex. R. App. P. 4.2(a)(1); *see also* Tex. R. Civ. P. 306a.3. Here, the ninetieth day after the Judgment was signed was September 30, 2024; thus, even if this extension applied, the December 2, 2024 notice of appeal would be untimely.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Amick's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *In re T.U.*, No. 02-24-00057-CV, 2024 WL 976540, at *1 (Tex. App.—Fort Worth March 7, 2024, no pet.) (mem. op.) ("Because Father's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction.").

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 23, 2025