

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00109-CV

———————————————

SHALANDRA DABBS A/K/A SHALANDRA L. DABBS, Appellant

V.

BMF IV TX ASPEN COURT LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-004473-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Shalandra Dabbs, appearing pro se, attempts to appeal from the trial court's October 24, 2024 final judgment. Dabbs did not file any post-judgment motions, so her notice of appeal was due Monday, November 25, 2024. *See* Tex. R. App. P. 4.1(a), 26.1. But Dabbs did not file her notice of appeal until March 11, 2025, making it untimely. *See id.*

On March 12, 2025, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a)(3). We warned that we could dismiss this appeal for want of jurisdiction unless Dabbs or any party desiring to continue the appeal filed a response by March 24, 2025, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

Dabbs responded and asked this court to "continue the appeal," which we treat as a request to extend the time for filing the notice of appeal under Texas Rule of Appellate Procedure 26.3. *See* Tex. R. App. P. 26.3. But because Dabbs's notice of appeal and extension request were filed more than 15 days from the notice of appeal's due date, both are untimely, so we must deny her request. *See id.* (providing that a motion for extension and notice of appeal must be filed within 15 days after the deadline for filing the notice of appeal); *see also In re K.J.*, No. 02-20-00412-CV, 2021 WL 278916, at *1 (Tex. App.—Fort Worth Jan. 28, 2021, no pet.) (mem. op.) ("We cannot alter the time for perfecting an appeal in a civil case beyond the appellate

rules' limits." (citing Tex. R. App. P. 2)). Dabbs's response does not otherwise show grounds for continuing the appeal.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Dabbs's notice of appeal was untimely—as was her extension request—we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Mornes v. Cooper*, No. 02-23-00439-CV, 2024 WL 45070, at *1 (Tex. App.—Fort Worth Jan. 4, 2024, no pet.) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: April 10, 2025

3