

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00178-CV

———————————————

JAMES WESLEY MANUEL, Appellant

V.

C.M., Appellee

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-338280-22

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant James Wesley Manuel attempts to appeal from the November 1, 2024 judgment rendered against him. Manuel filed a motion for new trial, making his notice of appeal due January 30, 2025. *See* Tex. R. App. P. 26.1. Even with an extension, his notice of appeal was due no later than February 14, 2025. *See* Tex. R. App. P. 26.3. But he did not file his notice of appeal until April 10, 2025.[1]

On April 16, 2025, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See id.* We warned that we might dismiss this appeal for want of jurisdiction unless Manuel or any party wanting to continue the appeal filed a response by April 28, 2025, showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f). We received a response, but it does not show grounds for continuing the appeal.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension . . . has passed, a party can no longer invoke the appellate court's jurisdiction."). Because Manuel's notice of appeal was

_____

[1]Manuel's April 10, 2025 notice of appeal refers to a March 27, 2025 notice of appeal. For purposes of timeliness, either date is incurably late.

untimely, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a),

43.2(f); *Amick v. Campbell*, No. 02-24-00540-CV, 2025 WL 285339, at *1 (Tex. App.—

Fort Worth Jan. 23, 2025, no pet.) (mem. op.).

Per Curiam

Delivered:  May 15, 2025