COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     UA Lewis, Peggie Stokes, Pegi Johnson, Toniece White and Maddison White v. Star Realty Inc., Alan Girard and Muza Garard

Appellate case number:   01-19-00716-CV

Trial court case number:  2015-37315

Trial court:             215th District Court of Harris County

Appellants appeal from a sanctions order signed on June 4, 2019. Appellants filed their motion for new trial on July 3, 2019 and notice of appeal on September 17, 2019. Appellees filed a motion to dismiss, claiming that this Court lacks jurisdiction because the notice of appeal was not timely filed. This Court ordered the trial court clerk to file a special clerk's record containing documents necessary for this Court to determine whether it had jurisdiction. The special clerk's record was filed on December 10, 2019.  On December 30, 2019, appellees filed a supplement to their motion to dismiss.

Unless a motion for new trial is timely filed, the notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The motion for new trial is timely filed if filed within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a). The record indicates that appellants filed a timely motion for new trial on July 3, 2019. Because appellants filed a timely motion for new trial, the time to file the notice of appeal was extended to ninety days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a)(1). The ninetieth day after judgment was Monday, September 2, 2019, which was a legal holiday. *See* TEX. GOV'T CODE § 662.003(a)(6). When the deadline falls on a legal holiday, the filing deadline is extended to the next day that is not a Saturday, Sunday, or a legal holiday. *See* TEX. R. APP. P. 4.1(a). Thus, the deadline for filing the notice of appeal was Tuesday, September 3, 2019.

An appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline, the appellant files a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3). The Texas Supreme Court has held that, if an appellant files the notice of appeal within the fifteen-day period after it is due, an extension of time is necessarily implied. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Appellants filed their notice of appeal within the 15-day period after it was due and therefore, an extension is implied. The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely

manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Appellants have also failed to request or make financial arrangements for the filing of the clerk's record. Even if this Court determines that it has jurisdiction over this appeal, it may dismiss the appeal for failure to request and make financial arrangements for filing the clerk's record. *See* TEX. R. APP. P. 37.3(b); 42.3. This Court has previously notified appellants of their failure to file the clerk's record, and the appeal may be dismissed at any time after our determination concerning jurisdiction for failure to file the clerk's record.

Accordingly, unless appellants file, **within 10 days of the date of this notice**, a response providing a reasonable explanation for untimely filing the notice of appeal, your appeal may be dismissed. *See* TEX. R. APP. P. 42.3(c).

It is so ORDERED.


Judge's signature: _____/s/ Peter Kelly_____
                      ☑ Acting individually     ☐ Acting for the Court


Date:  ___February 6, 2020_____