

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

| | |
|---|---|
| Appellate case name: | Fred Zelkowitz v. Harris County District Court, 246th Judicial District, Office of the Attorney General of Texas, Child Support Division, and Harris County Domestic Relations Office |
| Appellate case number: | 01-22-00017-CV |
| Trial court case number: | 2021-43318 |
| Trial court: | 334th District Court of Harris County |

On December 13, 2021, the trial court entered orders granting: (1) the "Plea to the Jurisdiction and Rule 91a Motion to Dismiss Baseless Causes of Action, filed by appellee Harris County Domestic Relations Office, and (2) the "Plea to the Jurisdiction, Motion to Dismiss[,] & Motion to Sever" filed by appellees, the Office of the Attorney General of Texas and the 246th District Court of Harris County. On January 18, 2022, appellant, Fred Zelkowitz, filed a pro se notice of appeal in the trial court, appealing from the trial court's December 13, 2021 orders.

On April 7, 2022, appellees the 246th District Court of Harris County, Texas and the Office of the Attorney General of Texas filed a motion to dismiss, arguing that this Court lacks jurisdiction because "[a]ppellant's notice of appeal is untimely." *See* TEX. R. APP. P. 26.1(a) (notice of appeal must be filed within thirty days after date order is signed).

Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. However, where a party timely files certain post-judgment motions, such as a motion for new trial or a motion to modify the judgment, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). In their motion to dismiss, appellees contend that "no party in this case filed any motion or request that would have extended the appeal deadline." For this reason, appellees argue, appellant's notice of appeal was due on or before January 12, 2022, and appellant's January 18, 2022 notice of appeal was untimely.

The time within which to file a notice of appeal may be enlarged however, if, within fifteen days after the deadline for filing the notice of appeal, appellant files his notice of appeal in the trial court and a motion for extension of time to file the notice of appeal in

the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3. The Court's records do not indicate that appellant filed a motion for extension of time when he filed his untimely notice of appeal on January 18, 2022.

However, a motion for an extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the fifteen-day extension period provided by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Here, the Court's records reflect that appellant filed his notice of appeal within the fifteen-day extension period. But appellant must offer a reasonable explanation for failing to timely file his notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *In re A.J.U.*, No. 01-16-00371-CV, 2016 WL 3946925, at *1 (Tex. App.—Houston [1st Dist.] July 19, 2016, no pet.) (mem. op.).

Accordingly, on May 3, 2022, the Clerk of this Court issued a notice directing appellant to file a response to the notice providing a reasonable explanation for untimely filing his notice of appeal. On May 6, 2022, appellant filed an "Explanation of Notice of Appeal Filing Date," stating that, as "a pro se filer," and due to appellant's "lack of legal experience," he had difficulty determining the steps necessary for perfecting his appeal, leading to the "short delay in the filing of [his] appeal."

We conclude that appellant offered a sufficient "reasonable explanation" for the need for an extension, and appellant "should be entitled to prosecute his appeal." *See* *Jones*, 976 S.W.2d at 677. Accordingly, appellees' motion to dismiss is **denied**.

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
　　　　　　　　☑ Acting individually　　□ Acting for the Court


Date: ___May 12, 2022_____