

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00423-CV

JACOB RUIZ ZEPEDA, APPELLANT

V.

DIANA ZEPEDA, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 83523A, Honorable Dee Johnson, Presiding

December 7, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jacob Ruiz Zepeda, proceeding pro se, appeals from the trial court's *Final Protective Order*. We dismiss the appeal because Appellant has not paid the filing fee and for want of jurisdiction.

Appellant failed to pay the required filing fee upon filing his notice of appeal. By letter of November 7, 2023, the Clerk of this Court notified Appellant that unless he was excused from paying court costs under Rule of Appellate Procedure 20.1, failure to pay the filing fee by November 17 would result in dismissal of the appeal. To date, Appellant

has not paid the filing fee or sought leave to proceed without payment of court costs. Because Appellant failed to comply with a requirement of the appellate rules and a notice from the Clerk requiring action within a specified time, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(c).

Furthermore, Appellant filed his notice of appeal untimely. The trial court signed the *Final Protective Order* on October 6, 2023. As no post-judgment motions or requests were filed, a notice of appeal was due within thirty days after the order was signed, i.e., by November 6, 2023. *See* TEX. R. APP. P. 26.1(a), 4.1(a). Appellant filed a notice of appeal on November 7, 2023, without filing a motion for an extension of time.

A timely notice of appeal is essential to invoking this court's jurisdiction. TEX. R. APP. P. 25.1(b), 26.1. We may extend the time to file a notice of appeal by fifteen days if an appellant files a notice of appeal and a motion for an extension of time that reasonably explains the need for an extension. TEX. R. APP. P. 26.3, 10.5(b). Although a motion for extension is implied if the notice of appeal is filed within fifteen days after the notice deadline, an appellant must still reasonably explain the delay in filing the notice of appeal when a motion for extension is implied. See *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Appellant filed his notice of appeal within fifteen days of the appellate deadline but did not file a motion for an extension of time. By letter of November 7, 2023, we notified Appellant that a motion for extension was implied and directed him to file a written response explaining why his notice of appeal was filed untimely. We advised Appellant that if he did not file a response by November 17, 2023, we would dismiss the appeal for want of jurisdiction. Appellant has not filed a response to date. Because Appellant failed

2

to provide a reasonable explanation for his untimely notice of appeal, we cannot grant an implied motion for extension.  *See* TEX. R. APP. P. 26.3, 10.5(b); *Phillips v. Gunn*, No. 07-14-00094-CV, 2014 Tex. App. LEXIS 4027, at *2–3 (Tex. App.—Amarillo Apr. 11, 2014, no pet.) (mem. op.).  And, as the late notice of appeal failed to invoke the jurisdiction of this Court, we must dismiss the appeal for want of jurisdiction.  See TEX. R. APP. P. 42.3(a).

For these reasons, the appeal is dismissed.

Per Curiam

3