

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00439-CV

———————————————

ISIA MORNES, Appellant

V.

HEATHER COOPER, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 22-3411-431

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Isia Mornes attempts to appeal from the trial court's July 21, 2023 order dismissing her case for want of prosecution. Because Mornes timely filed a verified motion to reinstate, her notice of appeal was due October 19, 2023—ninety days after the trial court's dismissal order. *See* Tex. R. App. P. 26.1(a)(3). But Mornes did not file her notice of appeal until November 17, 2023, making it untimely. *See id.* While Mornes filed a motion requesting that we extend the time for the filing of her notice of appeal, we denied the motion because her motion and notice of appeal were filed more than fifteen days from the notice of appeal's due date. *See* Tex. R. App. P. 26.3 (providing that motion for extension and notice of appeal must be filed within fifteen days after deadline for filing notice of appeal).

On November 29, 2023, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a)(3). We warned that we could dismiss this appeal for want of jurisdiction unless Mornes or any party desiring to continue the appeal filed a response by December 11, 2023, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because

Mornes's notice of appeal was untimely—as was her motion for extension of the time to file her notice of appeal—we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *City of Edinburg v. Permapac Inc.*, No. 13-22-00221-CV, 2022 WL 2251822, at *1 (Tex. App.—Corpus Christi–Edinburg, June 23, 2022, no pet.) (mem. op.) ("Appellant's notice of appeal was untimely, and appellant's motion for extension of time to file the notice of appeal was untimely; therefore, we lack jurisdiction over the appeal.").

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 4, 2024