

**In the**
**Court of Appeals**
**Second Appellate District of Texas**
**at Fort Worth**

———————————————

No. 02-24-00430-CV

———————————————

ELIZABETH CHANDINI PORTTEUS, Appellant

V.

DAVID DAWSON, Appellee

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 23-2131-16

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Elizabeth Chandini Portteus, appearing pro se, attempts to appeal from the trial court's "Order Granting Judgment-Creditors's [sic] Motion to Compel and for Monetary Sanctions." The trial court's order was signed on September 15, 2023, but the notice of appeal was not filed until over a year later on September, 24, 2024.

On October 1, 2024, we sent the parties a letter stating that the court was concerned that it might not have jurisdiction over this appeal because the notice of appeal was not timely filed. We stated that unless Portteus or any party desiring to continue the appeal filed with the court, on or before October 11, 2024, a response showing grounds for doing so, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Portteus filed a response, but it does not show grounds for continuing the appeal.[1]

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because the notice of

---

[1]Portteus's response asks us to extend the time for filing her notice of appeal under Texas Rule of Appellate Procedure 26.3, but her request is untimely, and even if it were not, Rule 26.3 allows us to extend the notice's deadline by fifteen days—not a year. *See* Tex. R. App. P. 26.3.

appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App.

P. 42.3(a), 43.2(f).[2]

Per Curiam

Delivered:  October 17, 2024

---

[2]After Portteus responded to our jurisdiction letter, she filed a motion to stay enforcement of the judgment.  Having dismissed her appeal for lack of jurisdiction, that motion is now moot.