

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00161-CV

———————————————

SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS, INC., PETER HOA
NGUYEN, THI H. NGUYEN, LAWRENCE P. WEST, AND AJAX GROUP LLC,
Appellants

V.

VBI GROUP, LLC, Appellee

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-325961-21

Before Kerr, Birdwell, Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellants Spartan Automobile Technology Providers, Inc.; Peter Hoa Nguyen; Thi H. Nguyen; Lawrence P. West; and Ajax Group LLC attempt to appeal from the trial court's December 4, 2024 final judgment. Appellants timely filed a motion for new trial, so their notice of appeal was due March 4, 2025. *See* Tex. R. App. P. 26.1(a)(1) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party timely files . . . a motion for new trial."); *see also* Tex. R. Civ. P. 329b. But Appellants did not file their notice of appeal until April 7, 2025, making it untimely. *See* Tex. R. App. P. 26.1(a)(1).

On April 7, 2025, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See* Tex. R. App. P. 26.1. We warned that we could dismiss this appeal for want of jurisdiction unless Appellants or any party desiring to continue the appeal filed a response by April 17, 2025, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

In their response, Appellants contend that their new-trial motion was overruled by operation of law on March 18, 2025,[1] *but see* Tex. R. Civ. P. 329b(c) (stating that a new-trial motion is overruled by operation of law if it is not determined by written order signed within 75 days after the judgment was signed), and they argue further

---

[1]Appellants calculated 75 days from filing their new-trial motion on January 2, 2025.

that they had another 30 days to file their notice of appeal,[2] which they calendared as April 17, 2025. But an order denying a new-trial motion is "not independently appealable," and "an appeal must be taken from the final judgment, not the refusal to reconsider that judgment." *Fort Apache Energy, Inc. v. Trivista Oil Co. LLC*, No. 03-25-00068-CV, 2025 WL 626591, at *1 (Tex. App.—Austin Feb. 27, 2025, no pet.) (mem. op.) (cleaned up). Appellants miscalculated their deadline, and their notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a)(1); *Holloway v. Columbine Homeowner's Ass'n*, No. 2-05-078-CV, 2005 WL 1120019, at *1 (Tex. App.—Fort Worth May 12, 2005, no pet.) (mem. op.) ("The date a trial court overrules a motion for new trial does not affect the appellate timetable; rather, the mere filing of such a motion extends the deadline to perfect appeal."); *see also Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.) ("[T]he time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial.").

Appellants have thus asked this court to extend their time for filing the notice of appeal under Texas Rule of Appellate Procedure 26.3. *See* Tex. R. App. P. 26.3. But because Appellants' notice of appeal and extension request were filed more than

---

[2]Appellants assert that they actually filed their notice of appeal on Friday, April 4, 2025, and complain that it was not accepted until Monday, April 7, 2025. We note that the automated certificate of eservice shows an April 5, 2025 date—when the district clerk's office was closed. But as we have discussed, Appellants' notice of appeal was due long before all of these dates.

3

15 days from the notice of appeal's due date, both are untimely, so we must deny their request. *See id.* (providing that a motion for extension and notice of appeal must be filed within 15 days after the deadline for filing the notice of appeal); *see also In re K.J.*, No. 02-20-00412-CV, 2021 WL 278916, at \*1 (Tex. App.—Fort Worth Jan. 28, 2021, no pet.) (mem. op.) ("We cannot alter the time for perfecting an appeal in a civil case beyond the appellate rules' limits." (citing Tex. R. App. P. 2)). Appellants' response does not otherwise show grounds for continuing the appeal.[3]

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt*, 959 S.W.2d at 617. Because Appellants' notice of appeal was untimely—as was their extension request—we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Mornes v. Cooper*, No. 02-23-00439-CV, 2024 WL 45070, at \*1 (Tex. App.—Fort Worth Jan. 4, 2024, no pet.) (mem. op.).

---

[3]Appellants have argued under *In re S.V.* that they provided a reasonable explanation in support of their extension request. 697 S.W.3d 659 (Tex. 2024). But unlike the party in *S.V.* who filed his Rule 26.3 extension request "within the time permitted by the rule," *id.* at 661, Appellants missed their window to seek such an extension, which closed on March 19, *see* Tex. R. App. P. 26.3. Thus, we do not reach Appellants' explanation for failing to timely file their notice of appeal. *See Manuel v. Lucas*, No. 02-25-00145-CV, 2025 WL 1271937, at \*1 (Tex. App.—Fort Worth May 1, 2025, no pet. h.) (mem. op.) ("[O]nce the [15]-day extension period has expired . . . , 'a party can no longer invoke the appellate court's jurisdiction.'" (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997))).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  June 5, 2025