

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00222-CV

———————————————

XAVIER NAPOLEAN PIERRE JONES, Appellant

V.

MEI YANG, Appellee

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-728492-23

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Xavier Napolean Pierre Jones, proceeding pro se, attempts to appeal from the trial court's final decree of divorce. The trial court signed the final judgment on January 24, 2025. Appellant timely filed a motion for new trial, making his notice of appeal due April 24, 2025. *See* Tex. R. App. P. 26.1(a); *see also* Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within 30 days after date judgment signed). But Appellant did not file his notice of appeal until May 14, 2025.

On May 15, 2025, we notified Appellant by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a). We warned Appellant that we could dismiss this appeal for want of jurisdiction unless he filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant responded by filing an "Appellant's Brief," but it does not show grounds for continuing the appeal.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3 (permitting appellate courts to extend time for filing notice of appeal on party's motion for extension filed within 15 days after notice-of-appeal deadline); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998) (recognizing implied motion for extension); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension . . . has passed, a party can no longer invoke the appellate court's jurisdiction."). Because Appellant's notice of

appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Amick v. Campbell*, No. 02-24-00540-CV, 2025 WL 285339, at *1 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op.).

Per Curiam

Delivered: June 26, 2025