

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00250-CV

———————————————

JERALD MILLER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-361706-25

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Jerald Miller attempts to appeal from the trial court's "Order Granting Defendant State of Texas's Motion to Dismiss Pursuant to Tex. R. Civ. P. 91a and Plea to the Jurisdiction." The trial court signed the order on April 10, 2025, and Miller filed his notice of appeal on May 29, 2025.

An order that grants or denies a plea to the jurisdiction by a governmental unit is an appealable interlocutory order, Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8), but an appeal from an interlocutory order is accelerated, and therefore the notice of appeal must be filed within 20 days of the order's signing, Tex. R. App. P. 26.1(b), 28.1(a). We do not have jurisdiction over an appeal absent a timely-filed notice of appeal—or a notice of appeal filed within the 15-day extension period in Rule 26.3.[1] *See* Tex. R. App. P. 26.1(b), 26.3, 28.1(b); *see also In re Mauer*, No. 02-19-00063-CV, 2019 WL 1829572, at *1 (Tex. App.—Fort Worth Apr. 25, 2019, no pet.) (per curiam) (mem. op.).

---

[1]The appellate rules allow us to extend the time for filing a notice of appeal, but any such motion for extension must be filed within 15 days after the notice-of-appeal deadline. Tex. R. App. P. 26.3; *see Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998) (citing former Rule 41(a)(2) and holding motion for extension may be implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by the appellate rules but within the 15-day period in which appellant would be entitled to move to extend the filing deadline); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (similar). Here, no motion for extension was filed, and Miller filed his notice of appeal after the 15-day extension period.

Because the trial court's order was signed on April 10, 2025, Miller's notice of appeal was due no later than April 30, 2025. *See* Tex. Civ. Prac. & Rem. Code Ann § 51.014(a)(8); Tex. R. App. P. 26.1(b), 28.1(a)–(b). However, his notice of appeal was not filed until May 29, 2025, making it untimely. *See* Tex. R. App. P. 26.1(b).

On July 11, 2025, we notified Miller by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely filed. *See* Tex. R. App. P. 26.1(b). We warned Miller that we could dismiss this appeal for want of jurisdiction unless, by July 21, 2025, we received a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. We have not received a response.

The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. Because Miller's notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 21, 2025

3