

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00192-CV

———————————————

JOAN ROSE, Appellant

V.

TRUCK YARD NMTX, LLC, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-1944-431

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Joan Rose, proceeding pro se, attempts to appeal the trial court's October 24, 2025 order dismissing her case for want of prosecution.[1] Because Rose timely filed a motion to reinstate, her notice of appeal was due on January 22, 2026—ninety days after the trial court's dismissal. *See* Tex. R. App. P. 26.1(a)(3). But Rose did not file her notice of appeal until March 25, 2026—152 days after the dismissal—making it untimely. *See id.*

We initially called this issue to Rose's attention in a March 27, 2026 letter. We expressed our concern that we lacked jurisdiction over her appeal because it was untimely filed, and we warned her that it could be dismissed because we lack jurisdiction. We received no response, but we sent a letter to Rose on May 5, 2026, and gave her another ten days to show grounds for continuing this appeal, warning that we could dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. But that deadline has passed, and Rose has not responded.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we cannot exercise

---

[1]Rose's notice of appeal ostensibly attempts to appeal the trial court's denial of her motion for new trial and motion to reconsider that denial. But an order denying a motion for new trial is not independently appealable. *See Fanous v. Allstate Ins.*, No. 02-26-00113-CV, 2026 WL 784908, at *1 n.1 (Tex. App.—Fort Worth Mar. 19, 2026, no pet. h.). "[T]he time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial." *Id.* (citation omitted).

jurisdiction over an appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Rose's notice of appeal was untimely and she has not shown grounds for continuing her appeal, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Mornes v. Cooper*, No. 02-23-00439-CV, 2024 WL 45070, at *1 (Tex. App.—Fort Worth January 4, 2024, no pet.) (holding that the time for filing a notice of appeal is jurisdictional in our court and that because the notice of appeal was untimely, we must dismiss the appeal); *Magnuson v. Lipscomb*, No. 2-03-043-CV, 2003 WL 2006808, at *1 (Tex. App.—Fort Worth May 1, 2003, no pet.) (dismissing appeal for lack of jurisdiction because of late notice of appeal).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 25, 2026